UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANAJAY ROMERO UBIERA DE DUNKER,

                Plaintiffs,

-against-

GEOFFREY T. MCNEIL, MILLER AUTO LEASING, CO., and MILLER DEDICATED SERVICES, LLC,

                Defendants.

24-CV-4640 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before this Court is the Plaintiff's motion to remand the matter to the Supreme Court County of Bronx, New York. For the reasons stated below, the motion to remand is DENIED.

## BACKGROUND

This is a motor vehicle collision case. Plaintiff Anajay Romero Ubiera De Dunker alleges the following facts: On June 1, 2023, Plaintiff was driving a 2017 Chevrolet in Westchester County, New York. ECF No. 1-2 ("Am. Compl.") ¶¶ 2, 43–44. Santa Magdaleno was a passenger in Plaintiff's vehicle. ECF No. 17-1 ("Mot.") at 1; ECF No. 17-3, ¶ 107. Defendant Geoffrey McNeil ("McNeil") was operating a truck owned by Defendants Miller Dedicated Services, LLC and Miller Auto Leasing Co. (the "Miller Defendants") (McNeil and Miller Defendants collectively, "Defendants"). Am. Compl. ¶¶ 16–44. Plaintiff alleges that McNeil improperly changed lanes and struck her vehicle, causing injuries. *Id.* ¶¶ 44–46.

On January 10, 2024, Magdaleno sued Defendants and Plaintiff in the Supreme Court County of Queens, New York (the "Companion Action"). ECF No. 17-3 at 3. On May 3, 2024, Plaintiff filed this suit against Defendants in the Supreme Court County of Bronx. ECF No. 1-1 at 2. In her May 3 complaint, Plaintiff listed her state of residency as New Jersey. *Id.*, ¶ 1.

Defendants are residents New Jersey for citizenship purposes. ECF No. 1 ("Notice") ¶¶ 5–8; *see also* ECF No. 15 at 1–2.

On May 29, 2024, Plaintiff filed an amended complaint correcting her state of residency to New York, establishing diversity among the parties. Am. Compl., ¶ 1; *see* ECF No. 1 ¶¶ 4–8. On June 14, 2024, after confirming with Plaintiff that the amount in controversy would exceed $100,000, Defendants emailed one of Plaintiff's attorneys stating: "In light of [the] fact the amount of damages sought will be at minimum over $100,000, we will be removing to federal court." ECF No. 19-5 at 1–2.

On June 18, 2024, Defendants filed a notice of removal in this Court. ECF No. 1.

On July 25, 2024, at 2:18 p.m., Defendants emailed Plaintiff's attorneys and stated they had removed the case to federal court. ECF No. 19-7 at 2. Pursuant to this Court's initial order at ECF No. 7, Defendants requested to collaborate with Plaintiff on a joint status letter and a case management plan. *Id.* On July 25, 2024, at 7:33 p.m., Plaintiff filed a motion in state court to consolidate her case with the action commenced by Magdaleno against Defendants and Plaintiff. ECF No. 17-6 at 1–2.

The next day, on July 26, 2024, Defendants noticed the state court of the removal to federal court, and this notice was served on Plaintiff. ECF No. 19-9 at 2. On August 19, 2024, the state court denied the motion to consolidate as moot, given the removal to federal court. *Id.* at 4.

On August 21, 2024, Plaintiff filed the instant motion for a remand to state court. Plaintiff alleges that Defendants' failure to promptly notify Plaintiff and the state court of removal renders the removal defective. Mot. at 3. Plaintiff also argues that the Court should remand the case for consolidation with the Companion Action due to "fundamental fairness" and the lack of diversity between non-party Magdaleno and Plaintiff. *Id.* at 4. Defendants oppose the motion to remand,

2

contending that they properly notified Plaintiffs of removal and that they are entitled by law to proceed in federal court. ECF No. 18 ("Opp."). Neither party disputes that the Court has diversity jurisdiction over the matter. *See id.* at 2; Mot. at 2.

## DISCUSSION

The Court addresses both of Plaintiff's arguments, first determining that Defendants did not violate the procedural rules of removal. Second, the Court finds that the convenience of consolidating two related cases does not justify stripping Defendants of their legal right to proceed in federal court.

### I. Defendants Adhered to Proper Removal Procedure

The federal removal statute requires the following of a defendant seeking removal:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

Plaintiff contends that Defendants' formal notice to the state court and Plaintiff of removal on July 26, 2024—38 days after removal—violated the requirement of "prompt" notice, and that earlier emails mentioning removal did not satisfy the "written notice" requirement. Mot. at 3–4. The Court disagrees.

"Promptly" does not mean simultaneously to the removal, nor immediately after. *See Parkinson v. City of New York*, No. 21-CV-4113 (JPC), 2021 WL 5323294, at *2 (S.D.N.Y. Oct. 20, 2021). Instead, Section 1446(d)'s timing requirement is a "flexible" and "fact-specific" standard. *Id.* at *3. (citing *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 366 (S.D.N.Y. 2020)). "[W]hat constitutes delay depends on the circumstances of the individual case." *McCall v. Greyhound Lines, Inc.*, No. 98-CV-7586 (CSH), 1998 WL 865626, at *2 (S.D.N.Y. Dec. 11,

3

1998). Even if there was a delay in noticing a plaintiff or the state court, any such delay is a prudential rather than jurisdictional issue. *See Calderon v. Pathmark Stores, Inc.,* 101 F. Supp. 2d 246, 247–48 (S.D.N.Y. 2000). As such, where "the delay was relatively short and no action was taken by the state court between the time of actual removal and the time of requisite notice," there is no basis for remand. *Id*. This District has found that "delays of more than a month in either filing the notice of removal with the state court or providing plaintiffs with written notice do not necessarily require remand." *Ynoa v. Kutner*, No. 10-CV-5398 (NRB), 2011 WL 1796320, at *2 (S.D.N.Y. May 5, 2011) (collecting cases that found delays of "roughly one month", fifty-six days, "approximately six months," forty-two days, and five days to not warrant remand).

Moreover, the "written notice" that removing parties must provide under Section 1446(d) "need not be an 'actual copy of the notice of removal.'" *Parkinson*, 2021 WL 5323294, at *3 (quoting *Gomes v. ANGOP, Angola Press Agency,* No. 11-CV-580 (DLI), 2012 WL 3637453, at *5 (E.D.N.Y. Aug. 22, 2012), *aff'd*, 541 F. App'x 141 (2d. Cir. 2013)). "It is clear that constructive notice may be sufficient notice for the purposes of the statute." *McCall*, 1998 WL 865626 at *2. Even in the absence of actual or constructive notice, "a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff." *Parkinson*, 2021 WL 5323294, at *3 (internal citations omitted).

Here, Defendants made a good faith effort to notice Plaintiff of removal. Four days before removal, Defendants emailed Plaintiff's attorney that they would be removing the matter. Although Defendants did not confirm the removal until 37 days after removal and did not notice the state court until 38 days after removal, a 37- or 38-day delay in notice is not a violation of removal procedures when there is no evidence of prejudice to the parties or to the action in state court. Plaintiff fails to state how the delayed confirmation unduly prejudiced her litigation.

Moreover, it appears that the state court took no action on the case between the date of removal and the date of notice. The day after notice, the state court denied Plaintiff's motion to consolidate the matter with the Companion Action as moot. Neither the filing of the motion nor the order by the state court can be considered prejudicial consequences of the delay because Plaintiff filed this motion after receiving the email confirmation of removal.

Like the aforementioned cases permitting delays of over a month, Defendants' delayed notice of removal on July 25, 2024—particularly when Defendants had already informed Plaintiff of their intent to remove—is not a basis for remand.

## II. Defendants Have a Legal Right to Proceed in Federal Court

Plaintiff argues that regardless of any defect in removal procedure, the Court should remand the matter out of fairness to the parties. Specifically, Plaintiff urges the Court to consider "whether denying remand would cause duplicative litigation and discovery, the risk of inconsistent outcomes, the prejudice each party would suffer, [and] principles of judicial economy, convenience, fairness, and comity." Mot. at 4–5. None of these reasons are sufficient to deny Defendants the right to proceed in federal court in a case where this Court undisputably has diversity jurisdiction.

Removal statutes are construed narrowly "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). But once it has been determined that a federal court does have jurisdiction, as is the case here, the federal court has "a 'virtually unflagging obligation' to exercise [its] jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). Abstention—the doctrine under which the

Court may decline to exercise its jurisdiction—is "the exception, not the rule" and is "an extraordinary and narrow exception." *Colorado River*, 424 U.S. at 813–14 (internal citation omitted). A parallel state-court matter may call for this extraordinary exception after a consideration of six factors: (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citing *Colorado River*, 424 U.S. at 818 and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–23, 25–27 (1983)). The balance is "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.[1]

Applying the six-factor test, the Court finds that this matter does not fall within the "extraordinary and narrow exception" carved out by abstention doctrine.

First, the matter does not involve a res over which the state court has assumed jurisdiction. This factor weighs against abstention.

Second, there are no allegations that the federal forum is less convenient for the parties. This factor also weighs against abstention.

---

[1] Plaintiff asks the Court to apply a different four-factor test regarding discretionary remand to state court from *Dieng v. Smith & Nephew Dyonics, Inc.*, No. 02-CV-8201 (RCC), 2003 WL 22240748 (S.D.N.Y. Sept. 29, 2003). Mot. at 5. But the *Dieng* test is intended to govern the permissible joinder of nondiverse defendants in a removed case. *Dieng*, 2003 WL 22240748 at *1–2. The test is inapplicable here, where the question is whether a matter should be remanded when the Court indisputably exercises diversity jurisdiction.

6

Third, dismissing this matter may allow two cases arising from the same set of facts to be litigated before the same court, but "such duplication '[does] not weigh significantly in favor of abstention.'" *Dalzell Mgmt. Co. v. Bardonia Plaza*, LLC, 923 F. Supp. 2d 590, 599 (S.D.N.Y. 2013) (citing *Shields v. Murdoch*, 891 F. Supp. 2d 567, 582 (S.D.N.Y. 2012)); *see also In re Comverse Tech., Inc. Derivative Litig.,* No. 06-CV-1849 (NGG) (RER), 2006 WL 3193709, at *6 (E.D.N.Y. Nov. 2, 2006) ("[T]he potential for piecemeal litigation is always present in potentially parallel litigations, and the courts must look beyond this factor to ascertain whether abstention is appropriate."). In *Colorado River,* the possibility of piecemeal litigation was a significant factor because the statute at issue evinced "clear federal policy" to avoid "piecemeal adjudication of water rights in a river system." 424 U.S. at 819. Such is not the case here in this motor vehicle accident lawsuit. *See Iona-Dione v. Doe*, No. 24-CV-2560 (AT), 2024 WL 4360598, *2 (S.D.N.Y. Oct. 1, 2024). Even if the overlap of facts between this case and the Companion Action in the state court creates the risk of an inconsistent result, "any case involving parallel proceedings presents [that] risk . . . ." *Dalzell*, 923 F. Supp. 2d at 600 (citing *In re Asbestos Litig.*, 963 F. Supp. 247, 253 (S.D.N.Y. 1997). Accordingly, "the existence of those risks can weigh only modestly in favor of dismissal . . . ." *Id.*

Fourth, Defendants contend that discovery in this case is further along than in the Companion Action, and Plaintiff does not appear to dispute this contention. Opp. at 9; ECF No. 20 ("Reply") at 7. This factor weighs against abstention.

Fifth, federal law does not provide the rule of decision. But even "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield v. Welch's*, 170 F.3d 116, 124 (2d Cir. 1999). Here, Plaintiff does not

7

contend that the state law issues of this motor vehicle accident case are novel or complex. This factor is neutral.

Sixth, while litigating this matter in the state court can adequately protect Plaintiff's procedural and substantive rights, "this factor is more important when it weighs in favor of federal jurisdiction." *Welch's*, 170 F.3d at 124 (citing *Bethlehem Contracting Co. v. Lehrer/McGovern Inc.*, 800 F.2d 325, 328 (2d Cir.1986). In that case, "it would be a serious abuse of discretion to grant the . . . dismissal at all." *Id.* (citing *Moses H. Cone*, 460 U.S. at 28. "The fact that the state court is competent to adjudicate [P]laintiff's claims is largely irrelevant." *Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.*, No. 06-CV-8237 (WCC), 2007 WL 1459289, at *6 (S.D.N.Y. May 16, 2007). This factor is neutral.

The Court's "task under *Colorado River* is not to determine whether there is some substantial reason for the exercise of federal jurisdiction . . . ." *Welch's*, 170 F.3d at 124. Instead, the Court "must ascertain whether there exist exceptional circumstances that justify the surrender of federal court jurisdiction." *Id.* at 124–125. Because most factors weigh against abstention and only one factor weighs modestly in favor of abstention, the Court finds no exceptional circumstances that justify remand.

Plaintiff's final argument is that diversity is potentially destroyed because Magdaleno, the plaintiff in the Companion Action, lives in the same state as the Plaintiff here. Mot. at 9. But Magdaleno is not a party in the instant action. Plaintiff cites to no authority that permits a federal court with jurisdiction to remand a case because an individual who has not been named as a party might "potentially destroy" diversity. Magdaleno's residency is no basis for remand.

## CONCLUSION

For the reasons stated above, the motion to remand this matter to state court is DENIED.

The Clerk of Court is directed to terminate ECF No. 17.

Dated: November 19, 2024
       New York, New York

                                            SO ORDERED.

                                            *Jessica Clarke*

                                            JESSICA G. L. CLARKE
                                            United States District Judge